RHODES (FOSTER v.). See Case No. 4,981.

---

## Case No. 11,748.

### RHODES v. HADFIELD.

[2 Cranch, C. C. 566.] [1]

Circuit Court, District of Columbia. May Term, 1825.

LIMITATION OF ACTIONS — ACKNOWLEDGMENT TO TAKE OUT OF STATUTE—NOTES—INDORSEMENT BY ADMINISTRATRIX.

1. In an action by the indorsee of a promissory note, against the maker, upon the plea of limitations, evidence that the note, within the last three years before the commencement of the suit, was presented to the defendant, who acknowledged it to be his note, and that it had not been paid, and said the note had been of long standing, and that he should resist payment, but offered terms of compromise which were not accepted, is evidence of such an acknowledgment of the debt as takes it out of the statute.

[See Ash v. Hayman, Case No. 572.]

[Cited in brief in Chambers v. Rubey, 47 Mo. 99.]

2. If the defendant pays part of the money due upon the note, to the widow of the payee, who indorses a receipt therefor on the note, and signs her name as administratrix, and the defendant promises to pay her the residue if time should be given, and she afterwards indorses the note to the plaintiff, no other proof of her right so to indorse the note is necessary upon the trial: the declaration having averred that letters of administration had been granted to her, and the pleas being non assumpsit and the statute of limitations.

Assumpsit by the indorsee of the defendant's promissory note for $132, dated November 19, 1814, payable, with interest, two years after date, to the order of W. Rhodes, father of the plaintiff [William Rhodes]. The present action was commenced on the 4th of September, 1822. The defendant [George Hadfield] pleaded non assumpsit and the statute of limitations. At the bottom of the note was written the following receipt: "February 12, 1821, received $5 on the above. Mildred Rhodes, Administratrix."

G. Beale, a witness, testified that within the three years, &c., he called upon the defendant with the note and demanded payment. The defendant said he could not pay it; admitted it to be his note, and that it had not been paid, except $5; said the note was of long standing, and that he should resist the payment; he however offered to settle it in some way, but the witness refused to compromise.

Mr. Beale and Mr. Worthington, for plaintiff, contended that the evidence so given, if believed by the jury, was sufficient evidence of such an acknowledgment of the debt as took the case out of the statute of limitations.

Mr. Wallach, for defendant, cited the case of Ash v. Hayman [Case No. 572], in this court, at April term, 1824, and Clementson v. Williams, 8 Cranch [12 U. S.] 72.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT (CRANCH, Chief Judge, contra) was of opinion that this was such an acknowledgment of the debt as takes it out of the statute.

The note was made payable to W. Rhodes, the father of the plaintiff, who died. His widow presented the note in 1821 to the defendant, who paid five dollars, and promised to pay the residue, if time should be given. The payment of the five dollars was indorsed on the note as being paid to her as administratrix, and she indorsed it as administratrix to the plaintiff. There was no other evidence of her being administratrix.

Mr. Worthington, for plaintiff, contended, and THE COURT (CRANCH, Chief Judge, doubting) decided, that no other evidence was necessary to prove her right to indorse the note.

Verdict for the plaintiff.